HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNE K. BLOCK,<br><br>        Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE BAR ASSOCIATION,<br><br>        Defendant. | CASE NO. C15-2018 RSM<br><br>ORDER ON REVIEW OF ORDER BY THE HONORABLE RICARDO MARTINEZ DENYING MOTION TO RECUSE<br><br>[Dkt. #s 9 and 25] |

THIS MATTER is before the court on review of Chief Judge Ricardo Martinez's Order [Dkt. # 25], declining to Recuse himself in response to Plaintiff Block's initial ("Second") Motion to Disqualify [Dkt. #9]. The Order was referred to this Court as the most senior non-Chief Judge under 28 U.S.C. §144 and LCR 3(e).

Block claims that all members of the Washington State Bar Association are necessarily disqualified from hearing her case against that entity, because they are or reasonably appear to be biased in its favor. She also claims that Judge Martinez appears to be personally biased due to his alleged friendship with a defendant, his involvement with the Washington Leadership Institute, and his prior service as a King County Superior Court Judge.

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C. §144; 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980).

Block's underlying premise—that Judges who are members of a state bar association cannot hear cases against that entity—is not supported, and is not supportable. *See Denardo v. Municipality of Anchorage,* 974 F.2d 1200, 1201 (9th Cir. 1992) and numerous other cases to the same effect[1]. The fact that other judges, for unknown reasons, recused themselves in an allegedly similar cases involving lawyer discipline does not establish the sweeping, "binding" precedent that Block claims. Judge Martinez's (mandatory) membership in the WSBA alone does not reasonably call into question his ability to fairly and impartially judge the merits of Block's case against it.

Nor has Block identified any case- or Judge-specific fact or circumstance that would support a reasonable belief that Judge Martinez cannot be impartial in this case. Judge Martinez's prior status as a Superior Court Judge does not lead a reasonable person to question his impartiality in a case against the Bar. Block claims that Judge Martinez enjoys a "personal friendship" with defendant Ende, but the Judge denies that that is the case. This Court was the subject of a similarly flatly untrue allegation in Block's similar, strategic motion to disqualify it.

---

[1] *See Pilla v. American Bar Association, 542 F.2d 56 (8th Cir1076); Hu v. American Bar Assoc.*, 334 F.Appx 17, 19 (7th Cir. 2009) (*citing Hirsh v. Justices of the Sup. Ct. of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995)); *In re City of Houston*, 745 F.2d 925, 930 n.8 (5th Cir. 1984); *Plechner v. Widener College, Inc.*, 569 F.2d 1250, 1262 n.7 (3rd Cir. 1977); *also Parrish v. Bd. Of Comm'rs of Alabama State Bar*, 527 F.2d 98, 104 (5th Cir. 1975).

1 Tangential relationships with other attorneys, institutions and even litigants are not uncommon. It
2 is not the rule that such relationships necessarily require the appointment of an out of state,
3 purely unconnected judge.
4     Block's arguments and legal authority are not sufficient to meet her burden. For the
5 reasons outlined in Judge Martinez's own order, and those articulated here, Block's Motion to
6 Disqualify Judge Martinez is DENIED and Judge Martinez's Order Declining to Recuse is
7 AFFIRMED.
8     IT IS SO ORDERED.
9     Dated this 23rd day of March, 2016.

                              /s/ Ronald B. Leighton
                              Ronald B. Leighton
                              United States District Judge