IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNE BLOCK, an individual,

    Plaintiff,

v.

WASHINGTON STATE BAR ASSOCIATION, *et al.*,

    Defendants.

Case No. C15-2018RSM

ORDER DENYING MOTION FOR STAY PENDING NINTH CIRCUIT APPEAL

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for a Stay Pending an Appeal of the Court's Prior Order Denying her motion for Temporary Restraining Order ("TRO"). Dkt. #100. Plaintiff asks the Court to enter an Order staying all further proceedings while she pursues an appeal in the Ninth Circuit Court of Appeals. *Id.* For the reasons discussed herein, the Court DENIES the motion.

## II. BACKGROUND

The Court has previously set forth the relevant background to this action and incorporates it by reference herein. *See* Dkts. #84 and #122. On April 1, 2016, this Court denied Plaintiff's Motion for

ORDER– 1

TRO, finding that she failed to demonstrate imminent irreparable harm. Dkt. #86. However, to the extent that Plaintiff sought a preliminary injunction through the same motion, the Court noted that for consideration on April 29, 2016, and it remains pending a decision. *Id.*

On April 6, 2016, Plaintiff filed a Second Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. #96. The Court struck that Order, finding it duplicative and moot given that Plaintiff's first motion for preliminary injunction remains pending. Dkt. #98. To the extent that Plaintiff simply sought through her second motion to add an amended Declaration in support of her pending motion for preliminary injunction, the Court will decide whether to consider the amended Declaration at the time it considers the pending motion.

Plaintiff now seeks a stay of her current proceedings. At the time Plaintiff filed the instant motion, she had not filed any appeal with the Ninth Circuit Court of Appeals, nor had she filed any Notice of Appeal in this Court. Moreover, she had not filed a motion asking this Court to certify any interlocutory appeal. Since filing the instant motion, Plaintiff has filed a Notice of Interlocutory Appeal in this Court, notifying this Court that she will appeal a number of Orders of this Court. Dkt. #123. However, she still has not sought any certification for interlocutory appeal.

### III. DISCUSSION

Generally, an appeal of an interlocutory order does not divest the District Court of jurisdiction to continue with the case. However, "a district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997). This Court "with propriety" may stay an action in the interests of efficiency, pending resolution of independent proceedings which bear upon the case. *Leyva v.*

ORDER– 2

*Certified Grocers of California Ltd.,* 593 F.2d 857, 863-64 (9th Cir. 1979). Consideration of judicial economy is an appropriate basis for imposing a stay, as long as the stay is not indefinite or potentially lengthy. *Young v. I.N.S.,* 208 F.3d 1116, 1120 (9th Cir. 2000).

In this case, the Court finds no basis for a stay. Indeed, it does not appear that an interlocutory appeal is available to Plaintiff. Title 28 U.S.C.A. § 1292 provides in relevant part:

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
>
> (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

28 U.S.C.A. § 1292(a)(1). Thus, the Ninth Circuit may hear appeals from interlocutory orders of this Court which grant, continue, modify, refuse or dissolve injunctions. 28 U.S.C. § 1292(a). "Ordinarily, an appeal does not lie from the denial of an application for a temporary restraining order; such appeals are considered premature and are disallowed 'in the interests of avoiding uneconomical piecemeal appellate review.'" *Religious Technology Center, Church of Scientology Intern., Inc. v. Scott,* 869 F.2d 1306, 1308 (9th Cir. 1989) (quoting *Kimball v. Commandant Twelfth Naval District,* 423 F.2d 88, 89 (9th Cir. 1970)).

However, a TRO denial order may be appealed if the circumstances render the denial tantamount to the denial of a preliminary injunction. *Church of Scientology Intern. Inc.,* 869 F.2d at 1308; *Environmental Defense Fund, Inc. v. Andrus,* 625 F.2d 861, 862 (9th Cir.1980). The Ninth Circuit has found that the denial of a TRO is tantamount to the denial of a preliminary injunction if: (1)

ORDER– 3

the denial of the TRO followed a full adversary hearing; and (2) in the absence of review, the appellant would be effectively foreclosed from pursuing further interlocutory relief. *Andrus*, 625 F.2d at 862. There was no such denial in this case. Here, the denial of Plaintiff's motion for TRO did not follow a full adversary hearing. Moreover, the Order denying the TRO does not foreclose Plaintiff from obtaining further relief because the Court has allowed her motion for preliminary injunction to move forward, and it is currently noted for consideration on April 29th. Likewise, the denial of the TRO did not effectively decide the merits of Plaintiff's action. Accordingly, Plaintiff cannot automatically appeal pursuant to 28 U.S.C.A. § 1292(a)(1) and there is no basis for a stay of the proceedings in this Court.

## IV. CONCLUSION

For these reasons, the Court hereby ORDERS that Plaintiff's Motion for a Stay (Dkt. #100) is DENIED. The Clerk SHALL send a copy of this Order to any *pro se* Defendants not using electronic filing and to the Proposed Intervenors.

DATED this 19th day of April, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER– 4