IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNE BLOCK, an individual,

        Plaintiff,

   v.

WASHINGTON STATE BAR
ASSOCIATION, *et al.*,

        Defendants.

Case No. C15-2018RSM

ORDER DENYING MOTION TO SET ASIDE ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Set Aside one of this Court's prior Orders of dismissal pursuant to "Western Washington Local Court Rule 7(h) and 60(b)(1) and Federal Rule of Civil Procedure 59(e)." Dkt. #93. Plaintiff asks the Court to vacate its prior Order because of several alleged mistakes made in the characterization of the record at the time the motion was decided. *Id.* The former City of Gold Bar Defendants have opposed the motion, joined by the former Kenyon Disend Defendants. Dkts. #101 and #122. These groups of Defendants argue that the Court's prior Order should not be vacated because the Court did not make the mistakes alleged by Plaintiff and because she fails to meet the proper legal standards. *Id.* For the reasons discussed herein, the Court agrees and DENIES Plaintiff's motion.

ORDER– 1

## II. BACKGROUND

The Court has previously set forth the relevant background to this action and incorporates it by reference herein. *See* Dkts. #84, #122, and #136.

## III. DISCUSSION

Through the instant motion, Plaintiff requests that the Court vacate its prior Order granting City of Gold Bar Defendants' Motion to Dismiss (Dkt. #23); granting Snohomish County Defendants' Motion to Dismiss (Dkt. #28); granting Kenyon Disend Defendants' Motion to Dismiss (Dkt. #30); and granting City of Duvall Defendants' Motion to Dismiss (Dkt. #35). Plaintiff raises the instant motion under a number of different Court Rules, including "Western Washington Local Court Rule 7(h) and 60(b)(1) and Federal Rule of Civil Procedure 59(e)." Dkt. #93.

As an initial matter, the Court does not construe Plaintiff's motion as one for reconsideration under Local Civil Rule 7(h). The motion was not plainly labeled as such, and it was not noted for consideration on the day it was filed, as required by the Local Rule. Accordingly, the Court considers the motion under Federal Rules of Civil Procedure 59(e) and 60(b)(1)[1].

A motion for relief from judgment under Federal Rule of Civil Procedure Rule 59(e) must be filed within 28 days of the entry of judgment, and should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted);

ORDER– 2

Fed. R. Civ. P. 59(e). In this case, there has been no Judgment entered against Plaintiff. Accordingly, Rule 59(e) is inapplicable.

Thus, the Court turns to Plaintiff's motion under Rule 60(b)(1). Rule 60(b)(1) allows this Court to relieve a party from an Order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Such mistakes include the Court's substantive errors of law or fact. *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004). In order to obtain relief under Rule 60(b)(1), the movant "must show that the district court committed a specific error." *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). Plaintiff has not done so.

Plaintiff first argues that the Court mistakenly referred to the City of Gold Bar as a Defendant when it is not a Defendant in this lawsuit. Dkt. #93 at 1. However, the Court specifically stated in its Order that the City of Gold Bar was not a Defendant. Dkt. #84 at 5. For ease of reference, the Court referred to a number of Defendants as the "Gold Bar Defendants" because they were all associated with the City of Gold Bar. That does not constitute a mistake.

Plaintiff next argues the Court mistakenly stated that Plaintiff had not filed a response to the individual Gold Bar Defendants' (Joe Beavers' and Linda Loen's) motion to dismiss. Dkt. #93 at 1-2. In its Order, the Court noted that Plaintiff had failed to respond to these Defendants' arguments. Dkt. #84 at 7. The Court recognizes that Plaintiff included some response to Gold Bar Defendants' motion in the second-to-last and last pages of a combined response brief. *See* Dkt. #44 at 22-23. However, that response did not directly address the

---

[1] Plaintiff appears to state that she is bringing this motion under Local Civil Rule 59(e); however, this District has no such Local Rule. Thus, the Court construes it as a motion under

ORDER– 3

Gold Bar Defendants' multiple legal arguments or provide any legal authority to the contrary. *See id*. Thus, the Court was not mistaken in stating that Plaintiff had failed to respond to the motion or provide any legal authority to the contrary. *See* Dkt. #84 at 7.

Plaintiff further argues that the Court was mistaken in finding that Plaintiff had not been granted an extension of time to respond to all of the Defendants' motions to dismiss. Dkt. #93 at 2-3. The Court can only state again that it made such a ruling, and then clarified that ruling to Plaintiff. As the Court previously explained,

> Although Plaintiff did not specify the motion for which she sought an extension of time to respond, she filed her motion for extension of time contemporaneously with her response to Snohomish County Defendants' Motion to Dismiss, which was two days late and the only response due at the time. Accordingly, the Court interpreted the motion as one to accept her late-filed response and nothing more.

Dkt. #84 at 20, fn. 5.

For all of these reasons, the Court finds that Plaintiff provides no basis to vacate the Court's prior Order.

## IV. CONCLUSION

Having reviewed Plaintiff's motion and the oppositions thereto, the Court hereby finds and ORDERS that Plaintiff's Motion to Set Aside Order (Dkt. #93) is DENIED.

DATED this 21st day of April, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

Federal Rule of Civil Procedure 59(e).

ORDER– 4