UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| ANNE BLOCK, an individual, | CASE NO. C15-2018 RSM |
| Plaintiff, |  |
| v. | ORDER ON FEES |
| WASHINGTON STATE BAR ASSOCIATION, *et al.*, |  |
| Defendants. |  |

## I.   INTRODUCTION

On April 13, 2016, this Court entered an Order granting the former Kenyon Disend Defendants' Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11. Dkt. #122. As part of the sanctions imposed, the Court ordered Plaintiff to pay to Kenyon Disend Defendants their attorney's fees and costs in defending this litigation. Dkt. #122 at 25. The Court then directed those Defendants to provide a Declaration of their fees and costs, which they have since submitted. Dkts. #125 and #126. Kenyon Disend Defendants now seek a total of $33,906.44 in fees and costs. For the reasons set forth below, the Court GRANTS IN PART Defendants' request, and now awards $24,852.75 in fees and $1084.44 in costs.

## II.   BACKGROUND

The Court has previously set forth the relevant background to this action and incorporates it by reference herein. *See* Dkts. #84, #122 and #136.

ORDER
PAGE - 1

## III.  DISCUSSION

"When the sanctions award is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees." *In re Yagman*, 796 F.2d 1165, 1184-85 (9th Cir. 1986). "When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court may also adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The relevant Kerr factors here are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

**A.  Reasonableness of Rates**

The Court first turns to the reasonableness of Kenyon Disend's requested rates. Defendants seek a billing rate of $345 per hour for attorney Michael R. Kenyon ("MRK"), $210 per hour for attorney Ann Marie Soto ("AMS"), $205 per hour for attorney Charlotte A. Archer ("CAA"), $165 per hour for attorney Alexandra L. Kenyon ("ALK"), $150 per hour for

paralegal Margaret Starkey ("MCS"), and $110 per hour for paralegal Antoinette Mattox ("AMM"). In the Ninth Circuit, the determination of a reasonable hourly rate "is not made by reference to the rates actually charged the prevailing party." *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id*. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

Defendants have presented their experience through an affidavit in this Court, and have also presented an affidavit by City of Bellevue City Attorney Lori M. Riordan regarding the reasonableness of the proposed rates. Dkts. #125 and #126. Having reviewed these Declarations, along with the remainder of the record, the Court finds the proposed rates to be reasonable.

**B. Reasonableness of Hours**

The Court next turns to the reasonableness of the hours requested. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley*, 461 U.S. at 433. As noted above, the Court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Further, the Ninth Circuit has held that it

ORDER
PAGE - 3

is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Likewise, intra-offices conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. *See id.* at 949.

Defendants have presented a detailed description of billing time spent in defending this action. Dkt. #125, Ex. A. As an initial matter, the Court will not award fees for intra-office conferences and emails. Accordingly, the Court will deduct the following hours, which reflect the total time attributed to such conferences or email by each attorney or paralegal:

MRK = 1.4 hours (1.4 x $345/hr = $483.00)

AMS = 7.8 hours (7.8 x $210/hr = $1,638.00)

ALK = 1 hour (1 x $165/hr = $165.00).

Likewise, the Court will deduct what it considers to be purely administrative time, which encompasses actions such as "save all pleadings to network" and "file maintenance" as follows:

AMM = 2.8 hours (2.8 x $110/hr = $308.00).

The Court has also reviewed Defendants' billing statement for excessive or redundant time billed. While the Court generally finds Defendants' time defending this action to be reasonable, it also finds that the time spend solely on the Motion for Sanctions to be excessive. Indeed, three attorneys and two paralegals spent a combined 58 hours to research, draft and file the motion for sanctions. Dkt. #125. Ex. A. The motion was 16 pages in length, and was

ORDER
PAGE - 4

supported by two Declarations and the Exhibits thereto. Dkts. #47, #48 and #49. They spent an additional 15.4 hours on the Reply in support of their motion, which was 10 pages in length and supported by one supplemental Declaration. Dkts. #91 and #92. They also spent 3.5 hours in preparing the supplement requested by the Court detailing their fee request. The total time spent related to the motion for sanctions was 76.9 hours. The Court finds the time spent on the Reply and supplement to be reasonable, but the time spent on the initial motion to be excessive, particularly in light of the straightforward issues presented and the experience of the attorneys with this Plaintiff and her other litigation. Further, based on the descriptions associated with the motion for sanctions, much of the work appears to be redundant.[1] For these reasons, the Court will cut the time spent on preparing the motion for sanctions by one half to account for excessive and redundant time billed as follows:

> MRK = 4.9 hours          reduced to 2.45 hours (2.45 x $345 = $845.25)
>
> AMS = 27.2 hours         reduced to 13.6 hours (13.6 x $210 = $2856.00)
>
> ALK = 12.8 hours         reduced to 6.4 hours (6.4 x $165 = $1056.00)
>
> MCS = 9.5 hours          reduced to 4.75 hours (4.75 x $150 = $712.50)
>
> AMM = 3.6 hours          reduced to 1.8 hours (1.8 x $110 = $198.00).

While the Court has reduced this time by half, the Court also recognizes that some of the time included in the hours billed on the motion for sanctions was already deducted in the intra-office conference category above. Accordingly, in an effort to avoid a double deduction for that time, the Court will add back to the time billed on the motion for sanctions, the following time:

> MRK = 0.3 hours (deducted as intra-office conference) (0.3 x $345 = $103.50)
>
> AMS = 0.9 hours (deducted as intra-office conference) (0.9 x $210 = $189.00).

---

[1] The Court also notes that the same attorneys spent only 35.2 hours drafting their Motion to Dismiss in this action, which was 19 pages in length and was arguably more complex. Dkts. #30 and #125, Ex. A.

ORDER
PAGE - 5

### C. Lodestar Adjustment

The Court finds that the rates and time set forth above reflects the reasonable billing amounts spent defending this matter and does not find it necessary to make any additional lodestar adjustments.

### D. Costs

Finally, turning to Defendants' costs requested in the total amount of $1084.44, the Court finds those costs – which account for photocopy charges ($247.35), postage ($38.71), Westlaw legal research ($796.14) and a filing fee advance charge ($2.24) – to be reasonable.

## IV.   CONCLUSION

Having considered the former Kenyon Disend Defendants' request for attorney's fees and costs, the Court hereby finds and ORDERS that Plaintiff shall pay to Kenyon Disend Defendants **fees in the amount of $24,852.75 and costs in the amount of $1084.44, for a total of $25,937.19.**

DATED this 22nd day of April 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 6