UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNE BLOCK, an individual, | CASE NO. C15-2018RSM |
| Plaintiff, | |
| v. | FIFTH ORDER GRANTING PENDING MOTION TO DISMISS |
| WASHINGTON STATE BAR ASSOCIATION, *et al.*, | |
| Defendants. | |

## I.  INTRODUCTION

THIS MATTER comes before the Court on the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant John Lovick. Dkt. #145. Plaintiff has failed to respond to this motion. For the reasons discussed herein the Court now GRANTS Defendant's motion and dismisses the claims against Mr. Lovick in their entirety and with prejudice, as further discussed below.[1]

## II.  BACKGROUND

On December 28, 2015, Plaintiff filed a Complaint naming 56 different Defendants and alleging a variety of claims ranging from Racketeer Influenced and Corrupt Organizations

---

[1] The Court acknowledges that Defendant Lovick has not yet filed any Reply in support his motion. However, given the conclusions discussed herein, the Court finds a Reply brief unnecessary to its determination of the legal issues presented.

ORDER
PAGE - 1

("RICO") Act violations to false reporting to fraud. *See* Dkt. #1. On February 18, 2016, Plaintiff filed a "second" Amended Complaint.[2] Dkt. #19. Plaintiff's Amended Complaint contains 87 pages of allegations against 53 different local government and/or private entities and individuals. Dkt. #19. According to Plaintiff, she "brings a civil rights action [] under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging Defendants' restriction on and continuing attempts to punish [her] right to engage in protected First Amendment activities . . . ." *Id.* at 4-5. In addition, Plaintiff makes a number of civil RICO claims and has filed a separate, proposed RICO Statement in support of those claims. Dkts. #19 at 77-79 and #20. The above described motions to dismiss followed.

The Court will discuss facts specific to the various parties below. However, for additional context to these motions, the Court notes that Plaintiff is no stranger to this Court. In addition to the instant matter, she has filed two prior actions. *Block v. Chao*, Case No. C08-1850JLR and *Block v. Snohomish County, et al.*, Case No. C14-0235RAJ. The latter action included many of the same allegations against many of the same Defendants as the instant matter. Further, while Plaintiff is proceeding *pro se* in the instant action, she is also an attorney admitted to practice in Washington. However, according to Washington State Bar Association ("WSBA") records, her license is currently suspended. *See* https://www.mywsba.org/LawyerDirectory/LawyerProfile.aspx?Usr_ID=37640 (*last visited* 3/29/2016). At least some of the allegations she makes in this action stem from apparent disbarment proceedings before the WSBA. Dkt. #19 at 47, 55-56 and 59.

---

[2] The Court notes that although Plaintiff characterized the amendment as a "second" amended pleading, it is actually a first Amended Complaint as no other prior amendments had been filed. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), the "second" amendment was timely.

ORDER
PAGE - 2

The Court also finds relevant Plaintiff's conduct in her prior case before the Honorable Richard A. Jones. In that case, although not his typical practice, Judge Jones noted that Plaintiff's litigation in this Court appears to be part of a much larger campaign. Case No. C14-0235RAJ, Dkt. #61 at 2. Plaintiff's conduct in that case resulted not only in the dismissal of her claims, but also in sanctions. *See id.*, Dkts. #6, #78, #107. That case appears to be ongoing. The Court highlights the prior case because it appears the instant action is also part of a larger campaign against Defendants. As further discussed below, Plaintiff appears to be using her litigation as a way to attempt to punish them by hauling them into court to defend against primarily meritless claims. For whatever reasons, it appears that Plaintiff feels she has been wronged by Defendants and sees the judicial system not necessarily as a forum in which she will receive justice, but as a tool to use against the Defendants.[3] With that context, the Court turns to Defendants' motions.

### III.   DISCUSSION

**A. Standard of Review**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the Court is not required to accept as true a "legal conclusion

---

[3] As Snohomish County Defendants highlighted, evidence of this intent can be found in Plaintiff's RICO Statement. Dkt. #28 at 2, fn. 1. The RICO Statement is primarily cut and paste from the Amended Complaint, supplemented by additional direct cut and paste of about 80 pages of superfluous material from other unrelated "RICO statements." For example, pages 86-108 of Plaintiff's RICO Statement contain 128 paragraphs of material which appear to have been directly copied from a "RICO statement" previously filed in *Scheidler v. Avery et. al. See* C12-5996RBL, Dkt # 68-1 at ¶ ¶ 8-130. Likewise, pages 108-162 of Plaintiff's RICO statement also appear to merely be an additional 350 cut and pasted paragraphs of material directly from a "RICO statement" previously filed by Plaintiff's associate John Scannell. *Scannell v. Washington State Bar Association et. al.*, C12-0683SJO, Dkt. # 74-1 at ¶ ¶ 8-358.

ORDER
PAGE - 3

couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570.

Though the Court limits its Rule 12(b)(6) review to allegations of material fact set forth in the Complaint, the Court may consider documents for which it has taken judicial notice. *See* F.R.E. 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, the Court has taken judicial notice of, and considers herein, documents filed in Plaintiff's other cases in this Court, and specifically those filed in the aforementioned action before Judge Jones. Judicial notice is appropriate because the documents presented are matters of public record, having been filed on the public docket in this Court. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

**B. Mr. Lovick's Motion to Dismiss**

Mr. Lovick argues that that Plaintiff's claims against him are insufficiently pled under Fed. R. Civ. P. 12(b)(6), and therefore should be dismissed. *Id.* The Court agrees. Mr. Lovick is mentioned in only two paragraphs of the Amended Complaint. First, in her introductory paragraph, Plaintiff alleges that Mr. Lovick is a Defendant and states in conclusory manner that he conspired and acted under color of law to retaliate against her for exercising her rights. Dkt. #19 at ¶ 2.47. Plaintiff further notes that Mr. Lovick is a "RICO defendant." *Id.* The only other allegation against Mr. Lovick is that he, as the elected Snohomish County Executive, failed to train and supervise former Defendant John Pennington, and that Mr. Lovick continued

ORDER
PAGE - 4

"former Snohomish County Executive Aaron Reardon's policies including the policy 'Let Pennington Do as He Pleases' and the policy 'Get Anne Block'." Dkt. # 19 at ¶ 3.32. The Amended Complaint contains no other allegations or supporting facts pertaining to Mr. Lovick. There are no allegations linking Mr. Lovick to any purported "RICO" enterprise, or any mention of Mr. Lovick with relation to the Sherman Anti-Trust Act, Americans with Disabilities Act, Washington Law Against Discrimination, or any other potential claims alleged by Plaintiff. Further, with respect to any First Amendment claim, Plaintiff's complaint contains no allegation of any adverse action by Mr. Lovick against her, that Mr. Lovick had any knowledge of Plaintiff's allegedly protected activity, or any retaliatory motivation. *See* Dkt. #19. Likewise, Plaintiff has failed to allege Mr. Lovick's personal participation in any civil rights violation, she has not identified any RICO enterprise conducted by Mr. Lovick, nor has she pled sufficient facts to show that he engaged in either a single act or any pattern of racketeering activity. *Id.*

As for her allegations that Mr. Lovick failed to train and supervise Mr. Pennington, Plaintiff fails to adequately plead any such claim. In limited circumstances, "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for the purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). In order to establish liability under this theory, the "municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.* (citing *Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)). The Supreme Court has cautioned that a "municipality's culpability for deprivation of rights is at its most tenuous where a claim turns

ORDER
PAGE - 5

on a failure to train." *Id.* "[A]bsent evidence of a 'program-wide inadequacy in training,' any shortfall in a single [employee's] training 'can only be classified as negligence on the part of the municipal defendant – a much lower standard of fault than deliberate indifference.'" *Blankenhorn v. City of Orange*, 485 F.3d 463, 484-85 (9th Cir. 2007) (quoting *Alexander v. City & Cnty. of San Francisco*, 29 F.3d 1355, 1367 (9th Cir. 1994).

Thus, to succeed on a failure to train claim, a plaintiff must demonstrate that "policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights." *Id.* at 1360. "The issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006). Therefore, in order to establish municipal liability based on a failure to train, a plaintiff must show: (a) deprivation of a constitutional right; (b) a training policy that amounts to deliberate indifference to the constitutional rights of the persons with whom the administrators are likely to come into contact; and (c) that his constitutional injury would have been avoided had the municipality properly trained the administrators. *Blankenhorn*, 485 F.3d at 484. Plaintiff fails to allege any facts that would support these elements.

Moreover, Plaintiff's failure to respond to Defendant's motion may be deemed by the Court as an admission that the motion has merit. LCR 7(b)(2). Plaintiff sought an extension of time to respond to the motion, but then failed to do so. *See* Dkt. #147. Accordingly, the Court deems her failure as an admission that the motion has merit. For all of these reasons, the claims against Mr. Lovick are dismissed.

ORDER
PAGE - 6

### C. Leave to Amend

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, the Court concludes that granting leave to amend would be futile. The Court can conceive of no possible cure for the deficiencies in Plaintiff's Complaint, particularly given the invalidity of Plaintiff's primary legal assertions as discussed above. Moreover, considering Plaintiff's litigation history in this and other courts, and viewing the record in this case as a whole, it is clear to the Court that Plaintiff has engaged in this litigation vexatiously and as a means of harassment of the Defendants, and not merely to seek justice for her alleged injuries. For that reason, the Court finds dismissal with prejudice appropriate.

### D. Request for Fees

Finally, Mr. Lovick has moved this Court for an award of his attorney's fees in defending this action. Dkt. #145 at 8. That request is GRANTED. This Court may award attorneys' fees pursuant to 42 U.S.C. § 1988 to a prevailing civil rights defendant if the plaintiff's action was "unreasonable, frivolous, meritless, or vexatious." *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994) (internal quotation marks omitted); *see also Galen v. County of Los Angeles*, 468 F.3d 563, 577 (9th Cir. 2006). An action becomes frivolous when the result appears obvious or the arguments are wholly without merit. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed. 2d 648

(1978); *see also Hughes v. Rowe*, 449 U.S. 5, 14-15, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980)(per curiam). A defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception. *See Christiansburg Garment Co.*, 434 U.S. at 422.

In this case, the Court has determined on multiple occasions that Plaintiff's litigation is both frivolous and vexatious. Moreover, as to Plaintiff's motivation in this lawsuit, it has become more apparent through recent behavior brought to the attention of the Court that she seeks to somehow punish Defendants by bringing frivolous actions against them. Indeed, upon receiving certain pleadings from Mr. Lovick's counsel (who also represented the former Snohomish County Defendants), Plaintiff has threatened to drown the County Defendants in public records requests and/or with additional litigation in retaliation for their successes in the instant case. *See* Dkts. #155 at ¶¶ 3-5 and Exhibit A and #164 at ¶¶ 3-5 and Exhibit A thereto. She has improperly contacted at least one opposing Declarant in this action in an apparent effort to intimidate him into changing his testimony. *Id.* She has also improperly directly contacted individual County Defendants in this action, leaving what could be characterized as threatening voice mails while using such obscene language the Court chooses not to repeat it here. *Id.* This behavior bolsters the Court's determination that Plaintiff's litigation is vexatious in nature, which justifies the award of Mr. Lovick's fees now.

**E.  Plaintiff's Motion for Preliminary Injunction**

Plaintiff filed a motion for preliminary injunction, which remains pending on the Court's motion calendar. Dkt. #85. All of the Defendants in this case have been dismissed, and Plaintiff's Amended Complaint is now dismissed in its entirety with prejudice. Accordingly, the Court DENIES Plaintiff's motion for preliminary injunction as MOOT.

ORDER
PAGE - 8

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1. The Motion to Dismiss filed by John Lovick (Dkt. #145) is GRANTED. The claims against Defendant Lovick are dismissed in their entirety with prejudice, and this Defendant shall be terminated from this action.

2. Mr. Lovick's request for attorneys' fees in also GRANTED. Mr. Lovick shall submit a supplemental Declaration setting forth his fees and costs in detail and with the appropriate supporting evidence **no later than 10 days from the date of this Order**.

3. Plaintiff's Motion for Preliminary Injunction (Dkt. #85) is DENIED AS MOOT.

4. This matter is now **CLOSED**.

DATED this 24 day of May, 2016.

[signature]

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE