UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNE BLOCK, an individual, | ) CASE NO. C15-2018 RSM |
| Plaintiff, | ) |
| v. | ) ORDER GRANTING IN PART GOLD BAR DEFENDANTS' REQUEST FOR FEES AND COSTS |
| WASHINGTON STATE BAR ASSOCIATION, *et al.*, | ) |
| Defendants. | ) |

## I.   INTRODUCTION

On June 28, 2016, this Court entered an Order granting former Gold Bar Defendants' Motion for Attorney's Fees. Dkt. #183. The Court then directed those Defendants to submit a detailed description of the fees sought. *Id.* Gold Bar Defendants submitted a Declaration seeking a total of $16,856.75 in fees and $56.35 in costs associated with their defense of this action. Dkt. #188 at ¶7. The Court denied the request, finding that Gold Bar Defendants had failed to provide adequate information to determine the reasonableness of the fees and costs requested. Dkt. #189. The Court then allowed Gold Bar Defendants to submit a supplemental Declaration for review, which they have since provided. Dkt. #192. For the reasons set forth below, the Court now GRANTS IN PART AND DENIES IN PART Gold Bar Defendants' requested fees and costs for the reasons discussed herein.

ORDER
PAGE - 1

## II.   BACKGROUND

The Court has previously set forth the relevant background to this action and incorporates it by reference herein.  *See* Dkts. #84, #122, #136 and #168.

## III.   DISCUSSION

### A.  Legal Standard

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate."  *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community.  *See Blum v. Stetson*, 465 U.S. 886, 895 (1984).  In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed.  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  The Court may also adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975).  The relevant Kerr factors here are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

### B.  Reasonableness of Rates

The Court has previously determined that the rates requested by Gold Bar Defendants' counsel are reasonable.  Dkt. #189 at 2-3.

### C. Reasonableness of Hours

Now turning to the reasonableness of the hours requested, the Court notes "[t]he party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley*, 461 U.S. at 433. As noted above, the Court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Further, the Ninth Circuit has held that it is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Likewise, intra-office conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. *See id.* at 949.

Gold Bar Defendants have presented a detailed description of billing time spent in defending this action. Dkt. #192, Ex. A. As an initial matter, the Court will not award fees for conferences, telephone calls and emails with Association of Washington Cities claims representative Lynda Hummel, as the Court finds such activity to be analogous to intra-office conferences and emails. Accordingly, the Court will deduct the following hours, which reflect the total time attributed to such activity:

AGB = 1.3 hours (1.3 x $252/hr = $327.60)

SMR = 0.3 hours (0.3 x $284/hr = $85.20)

Dkt. #192, Ex. A.

ORDER
PAGE - 3

Likewise, the Court will deduct what it considers to be purely administrative time. Accordingly, the Court will not award time spent by attorney Butler for preparing a retention letter on 2/05/2016, which totals 0.3 hours (0.3 x $252/hr = $76.60). Dkt. #192, Ex. A.

The Court finds the remaining hours requested to be reasonable and will award the fees associated with those hours.

### D. Lodestar Adjustment

The Court finds that the time set forth above, less the reductions noted by the Court, reflects the reasonable time spent defending this matter and does not find it necessary to make any lodestar adjustments.

### E. Costs

Gold Bar Defendants seek $56.35 in costs. Dkt. #192, ¶ 4. They have not explained what these costs entail, nor have they provided any legal authority demonstrating that they are entitled to such costs. *See id.* While the documents attached in support of the request contain a "Disbursements to Date" line item for $56.35, there is no detail as to what those disbursements were. *See* Dkt. #192, Ex. A. There is one notation for photocopy disbursements on February 22, 2016, in the amount of $17.40, which the Court finds to be reasonable. Accordingly, the Court limits its award of costs to that amount.

### IV.   CONCLUSION

Having considered former Gold Bar Defendants' supplemental Declaration in support of their request for attorney's fees, the Court hereby finds and ORDERS that Defendants' request is GRANTED IN PART AND DENIED IN PART for the reasons discussed above.

Plaintiff shall pay to Gold Bar Defendants' (defense counsel Keating, Bucklin & McCormack, Inc., P.S.) **fees in the amount of $16,311.00 and costs in the amount of $17.40, for a total of $16,328.40.**

DATED this 20th day of July 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE