UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNE BLOCK, an individual,

        Plaintiff,

    v.

WASHINGTON STATE BAR ASSOCIATION, et al.,

        Defendants.

CASE NO. C15-2018 RSM

ORDER REIMPOSING VEXATIOUS LITIGANT PRE-FILING ORDER

This matter is before the Court for consideration of whether to reimpose a vexatious litigant pre-filing order against Plaintiff. Dkt. #219. Plaintiff appealed the Court's previous order to the Ninth Circuit Court of Appeals, which held that the record on appeal was unclear as to whether Plaintiff had the appropriate "notice of the pre-filing order or an opportunity to oppose it." Dkt. #213 at 4. The Ninth Circuit remanded the matter for further proceedings. *Id.*

Following remand, the Court provided Plaintiff the requisite notice and opportunity to oppose the Court's imposition of a vexatious litigant pre-filing order. Dkt. #219. Plaintiff has filed a Response to Order to Show Cause ("Response") in opposition.[1] Dkt. #228. Likewise,

---

[1] Shortly after filing her Response, Plaintiff filed a Motion for Extension of Time requesting a 2.5-hour deadline extension due to computer problems that "prevented her from uploading the response by midnight." Dkt. #229. The Court's CM/ECF system indicates that both Plaintiff's Response and Motion were filed on September 17, 2019—the date set by the Court for response. Because Plaintiff's Response was timely, the Court denies her Motion as moot.

ORDER – 1

Gold Bar Defendants have taken the opportunity to file a response, prompting Plaintiff to file a Reply to Response to Response to Order to Show Cause; Motion to Strike; Alternative Motion for Extension of Time. Dkts. #230 and #231. The Court's Order to Show Cause did not invite briefing from the parties beyond Plaintiff's Response. Dkt. #219 at 2 ("No other responses or replies are permitted."). For this reason, and because Gold Bar Defendants' response would otherwise be untimely, the Court disregards the additional filings.

A district court seeking to impose pre-filing restrictions must:

> (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990)).

Having provided Plaintiff definitive notice of the Court's intent and an opportunity to oppose imposition of a vexatious litigant pre-filing order, the Court finds that Plaintiff's Response does not justify a different result and a vexatious litigant pre-filing order should enter. The Court's previous analysis, which it adopts here, already compiled an adequate record for review,[2] made substantive findings as to the frivolous and harassing nature of Plaintiff's repeated lawsuits,[3] and narrowly tailored its vexatious litigant pre-filing order to address Plaintiff's

---

[2] The Court adopted by reference, a list set forth in the Declaration of Ann Marie Soto in Support of Kenyon Disend's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11. Dkt. #122 at 24 (citing Dkt. #48 at ¶ 3 (compiling a list of fourteen state court cases involving certain defendants and noting negative case outcomes and harassing nature of litigation)).

[3] The Court again notes that the Ninth Circuit affirmed the frivolous nature of Plaintiff's actions in affirming the Court's award of attorneys' fees. Dkt. #213 at 3 ("The district court concluded that [Plaintiff's] claims were frivolous, and [Plaintiff] fails to demonstrate on appeal that the district court erred in so concluding. We therefore affirm.").

ORDER – 2

conduct. *See generally* Dkt. #122 (granting several motions to dismiss without leave to amend due to futility, sanctioning Plaintiff for certain defendants' attorneys' fees and costs, and imposing vexatious litigant pre-filing order). Plaintiff's Response merely argues that the Court *should not* reimpose its earlier vexatious litigant pre-filing order without calling into question the Court's underlying basis for doing so.

Plaintiff provides little to no legal analysis past unattributed passages from *De Long* and *Ringgold-Lockhart* and instead objects to the reasonable page restriction that the Court imposed on her Response. Dkt. #228 at 1–3. Specifically, Plaintiff objects to the Court citing to a paragraph of a 74–page declaration, laying out a portion of Plaintiff's litigation history, while allowing her only 24 pages of briefing. *Id.* at 3. This argument entirely overlooks the fact that Plaintiff was previously afforded an opportunity to respond to that declaration—and to build the record—and elected not to. *See* Dkts. #47, #48, #82 and #83. Further, and while feigning an inability to adequately respond, Plaintiff utilizes only 18 of her 24 pages and includes approximately four pages of duplicated text. *See* Dkt. #228 at 3–7, 8–11. Likewise, Plaintiff uses more than six pages of her briefing to list numerous cases she has been involved in. *Id.* at 11–17. The Court is not swayed by Plaintiff's insincere complaints about the page constraints.

The small portion of Plaintiff's briefing that addresses the issues at hand primarily seeks to argue her views on the context, posture, and outcome of various state court actions. *Id.* at 3–7. Presumably, Plaintiff attempts to demonstrate that not all her actions were frivolous. Be that as it may,[4] Plaintiff's quest to revive years-old conflicts to belabor losing arguments overlooks the significant basis that harassment played in the Court's analysis. Specifically, the Court noted that Plaintiff continued to send harassing emails "threatening additional litigation any time

---

[4] The Court notes that it in fact noted that several of Plaintiff's claims in this action "were frivolous, and that her motive for filing the claims was vexatious." Dkt. #122 at 23.

ORDER – 3

[defendants] successfully defend[] against her numerous lawsuits" and "threatening to bring more lawsuits" when defendants submit motions and related pleadings in existing lawsuits. Dkt. #122 at 23. Apart from the frivolous nature of Plaintiff's actions—arguments "not well-grounded in fact or law"—the Court concluded that "Plaintiff's actions [appear] motivated by vindictiveness rather than by a search for justice." *Id.* at 24.[5]

Lastly, Plaintiff indicates that, in her estimation, she has "achieved successful results" in many cases, "many of which she was represented by counsel." *Id.* at 8. Plaintiff's argument in this regard overlooks that Plaintiff is not barred from filing lawsuits. Plaintiff is merely subject to a pre-filing order attempting to curb her ongoing harassment and assure that Plaintiff does not continue to pursue claims which may be "barred by collateral estoppel, res judicata, and/or an applicable immunity." *Id.* at 26. Likewise, the vexatious litigant pre-filing order specifically does not apply to those cases where she "is represented by an attorney licensed to practice law in this District." *Id.* Plaintiff's unsubstantiated arguments do not call into question the Court's narrowly tailored order "closely fit[ting] the specific vice encountered."

Accordingly, and having reviewed the Court's prior orders, the Ninth Circuit's Memorandum and Order, Plaintiff's Response to Order to Show Cause, the applicable law, and the remainder of the record, the Court finds and ORDERS:

1. Any *pro se* complaint submitted for filing in this District in which Anne Block is a named Plaintiff or purports to act as party representative shall be filed under the miscellaneous case number, 2:19-mc-163 RSM, and shall be reviewed by the Court prior to the issuance

---

[5] *See also* Dkt. #122 at 3 (noting that "instant action is also part of a larger campaign against Defendants" and that Plaintiff views the judicial system "as a tool to use against" Defendants"); *Id.* at 21 ("Moreover, considering Plaintiff's litigation history in this and other courts, and viewing the record in this case as a whole, it is clear to the Court that Plaintiff has engaged in this litigation vexatiously and as a means of harassment of the Defendants, and not merely to seek justice for her alleged injuries.").

ORDER – 4

of summons or service of process. The following review provisions shall apply, except in cases where Ms. Block is represented by an attorney licensed to practice law in this District:

   a. The Court will review the proposed Complaint to determine whether good cause exists to permit the action to proceed in light of the claims raised therein and Ms. Block's past litigation abuses. The proposed Complaint shall comply with Federal Rule of Civil Procedure 8(a) and provide a clear statement of the factual and legal basis for each claim asserted, specifically identifying each defendant against whom the claim is asserted. The proposed Complaint shall also be accompanied by a signed statement explaining, on a claim-by-claim basis, (a) whether each claim was raised in any prior action (with an appropriate citation) and (b) why each claim is not barred by collateral estoppel, *res judicata*, and/or an applicable immunity.

   b. If the Court determines that good cause has not been shown, the action will be dismissed *sua sponte* without further opportunity for response. If the Court also determines that sanctions are appropriate, the Court will give Ms. Block notice and an opportunity to respond.

2. Plaintiff's Motion for Extension of Time (Dkt. #229) is DENIED as moot.

Dated this 13th day of December 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5