UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNE BLOCK, an individual, | CASE NO. C15-2018 RSM |
| Plaintiff, | |
| v. | ORDER DECLINING TO ISSUE INDICATIVE RULING UNDER RULE 62.1 |
| WASHINGTON STATE BAR ASSOCIATION, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Anne Block's Motion to Issue Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal Pursuant to FRCP 62.1. Dkt. #249. Plaintiff's instant motion was filed after the Court denied Plaintiff's Motion to Set Aside Final Decision in This Case (Dkt. #239) due to her pending appeal before the United States Court of Appeals for the Ninth Circuit. *See* Dkt. #248 (order denying motion). Plaintiff's instant motion is largely duplicative of her failed motion to set aside the Court's Order Reimposing Vexatious Litigant Pre-Filing Order (Dkt. #232)—which is the subject of Plaintiff's pending appeal. *See* Dkts. ##233–236 (various notices of appeal filed by Plaintiff). After each of Plaintiff's motions she has filed motions seeking stays in her pending appeal. *See Block v. Washington State Bar Association*, No. 20-35025, Dkts. #26, #30 (9th Cir.). The Ninth Circuit has denied Plaintiff's request to stay her appeal each time. Dkts. #29, #36. This Court likewise exercises its discretion to not further delay Plaintiff's appeal.

ORDER – 1

1	Once a party files its notice of appeal of the district court's judgment, the district court
2	loses jurisdiction over the case and cannot consider a subsequently filed motion. *See Williams*
3	*v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2002); *Katzir's Floor & Home Design, Inc. v. M-*
4	*MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004); *See* Fed. R. Civ. P. 62.1 advisory committee
5	notes ("After an appeal has been docketed and while it remains pending, the district court cannot
6	grant a Rule 60(b) motion without a remand.").

7	However, the Federal Rules allow a district court to indicate to the court of appeals that
8	it would alter its ruling if the appeal were remanded for that purpose. *See* Fed. R. Civ. P. 62.1.
9	This rule is explicitly cited by Plaintiff and is what she seeks. When a party brings a Rule 62.1
10	motion for an indicative ruling, the Court may: (1) defer considering the motion; (2) deny the
11	motion; or (3) state either that it would grant the motion if the court of appeals remands for that
12	purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a)(1)-(3). A district
13	court's decision to make an indicative ruling is discretionary. *Rabang v. Kelly*, No. C17-0088-
14	JCC, 2018 U.S. Dist. LEXIS 61769, 2018 WL 1737944, at *2 (W.D. Wash. Apr. 11, 2018).

15	The Court has considered the instant motion by Plaintiff and determined that an indicative
16	ruling is not warranted. The records make clear that Plaintiff's motion is primarily aimed at
17	delaying or disrupting her pending appeal before the Ninth Circuit. To the extent Plaintiff's
18	motion makes any valid argument, it is premised upon Plaintiff's unsubstantiated suspicions.
19	Even then, Plaintiff does not make clear that her motion would have any appreciable impact on
20	her pending appeal if the Court were to address it at this time. The Court declines to exercise its
21	discretion to address Plaintiff's motion while this case is up on appeal.

22	Accordingly, and having reviewed Plaintiff's motion, the relevant briefing, and the
23	remainder of the record, the Court hereby finds and ORDERS that Plaintiff Anne Block's Motion
24

ORDER – 2

to Issue Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal Pursuant to FRCP 62.1 (Dkt. #249) is DENIED.

Dated this 30th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3